UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BANCROFT BURKE,

                        Plaintiff,                        **ORDER**
                                                   CV 08-3600(JS)(ARL)

        -against-

DEER PARK UNION FREE SCHOOL DISTRICT,

                       Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is the plaintiff's letter application dated December 10, 2009, seeking to compel the defendant to produce documents in response to the plaintiff's First Notice for the Production of Documents.  Specifically, the plaintiff seeks:

1. Personnel files for Magalene McLarrin and Gene Levenstein;
2. Finance Manager Accounting Software and work-ups from the payroll department for final payments to administrators;
3. Documents in possession of the Board of Education relating to the plaintiff; and
4. Payroll information regarding two unidentified individuals.

The defendant opposes the request on the ground that (1) McLarrin and Levenstein are not proper comparators; (2) the software is licenced and cannot be copied; and (3) the Board of Education is a separate entity.  With respect to the payroll information, the defendant indicates that its omission in the production was an oversight, which has been corrected.

       Although the court disagrees with the defendant's analysis of McLarrin and Levenstein, the court cannot discern the relevance of the documents contained in the personnel file, and thus, denies the request with leave to renew upon a showing that the documents would reflect the district's alleged policy of targeting employees because of race and color.  This is particularly so in light of the assertion that McLarrin voluntarily resigned her employment and in the absence of any indication that she filed a discrimination complaint while employed at the District.  With respect to the software, the court agrees that the plaintiff has not established the need for the software and should, instead, forward a request to the defendant indicating exactly what information he seeks to obtain.  Finally, as the defendant does not control the Board of Education, any request for documents from the Board must be sought through non-party discovery.

       The court notes that the deadline for all discovery is December 21, 2009.  The court will extend that deadline for one month for the limited purpose of allowing the parties to complete the

discovery addressed in this order. Accordingly, all discovery, inclusive of expert discovery, must be completed by January 21, 2010. Any party planning on making a dispositive motion shall take the first step in the motion process by February 4, 2010.[1] The final conference scheduled for January 20, 2010 is adjourned to February 18, 2010 at 11:30 a.m. The parties are directed to electronically file the proposed joint pretrial order prior to the conference.

Dated: Central Islip, New York          **SO ORDERED:**
       December 21, 2009

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

---

[1] The plaintiff's request regarding submission of the Rule 56.1 counter-statement must be directed to the District Judge.